Filed 6/3/14  P. v. Williams CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JAMES WILLIAMS,<br><br>        Defendant and Appellant. | A139963<br><br>(Marin County<br>  Super. Ct. No. SC186272) |

        This is an appeal from judgment after the parole of appellant James Williams was revoked and he was committed to county jail for a term of 120 days for failing to comply with the mandatory requirement that he register as a sex offender pursuant to Penal Code section 290.[1]  Appellant's 120-day jail term was pursuant to a negotiated disposition reached on September 26, 2013, following his admission of violating the terms of his parole.  Appellant was granted a total of 13 days of credit for actual time served as of the hearing date, and the trial court then reserved for a later hearing consideration of the amount of conduct credit to which he was entitled.  After this hearing, which occurred October 1, 2013, the trial court determined that appellant would accrue credit for good time/work time at the one-third rate based on the version of section 4019 in effect when he committed the underlying crimes for which he was placed on parole (to wit, in 2004 and 2005), rather than at the one-half rate provided for under the current version of the statute.

---

[1]        Unless otherwise stated, all statutory citations herein are to the Penal Code.

After appellant filed a timely notice of appeal, appellate counsel was appointed to represent him. Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*) in which he raises no issue for appeal and asks this court for an independent review of the record. (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*People v. Kelly*).) Counsel attests that appellant was advised of his right to file a supplemental brief in a timely manner, but he has not exercised this right.

Mindful that our review is limited to grounds for appeal occurring after entry of the negotiated disposition, we have examined the entire record in accordance with *People v. Wende*. For reasons set forth below, we agree with counsel that no arguable issue exists on appeal. Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1986, appellant was convicted of committing a lewd act on a child in violation of section 288, subdivision (a), a statutorily-enumerated offense requiring lifetime sex offender registration under section 290. Appellant was sentenced to state prison. He was thereafter convicted four times of violating section 290's mandatory registration requirement and, on August 30, 2006, was sentenced to six additional years in prison.

On June 14, 2010, appellant was released on parole for a term of three years. On September 23, 2013, a petition for revocation of parole was filed alleging that appellant had absconded from parole and failed to register under section 290.[2] Appellant waived his right to a hearing on the petition and, on September 26, 2013, he entered into a negotiated disposition by which he admitted violating the terms of his parole and was committed to county jail for 120 days. Also on September 26, the trial court awarded appellant 13 days of credit for actual time served as of that date (§ 2900.5), while reserving the issue of conduct credit (§ 4019).

On October 1, 2013, a hearing was held to "address [appellant's] custody credit and the rate at which [he] accrues good time/work time credit." Over defense counsel's objection, the trial court determined appellant was not entitled to "half-time" credit

---

[2]    Appellant had previously committed other violations for which his parole had been revoked.

2

pursuant to the then-current version of section 4019 because the underlying crimes for which he was on parole were committed prior to September 28, 2010, the operative date of the current version of the statute.  (§ 4019, subds. (a)(5), (h).)  As such, the trial court determined appellant was subject to the version of section 4019 in effect at the time of his underlying offenses (in 2004 and 2005), which provided that, for a prisoner required to register as a sex offender, "a term of six days [would] be deemed to have been served for every four days spend in actual custody . . . ."[3]  (See former § 4019, subds. (f), (b)(2), (c)(2), as amended by Stats. 2009-2010, 3rd Ex. Sess., ch. 28, § 50; see also *People v. Brown* (2012) 54 Cal.4th 314, 318-319, fn. 5.)  On the same day of this hearing, appellant filed a notice of appeal of the trial court's ruling.

## DISCUSSION

As mentioned above, neither appointed counsel nor appellant has identified any issue for our review.  Upon our own independent review of the entire record, we agree none exists.  (*People v. Wende, supra,* 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738, 744.)  Appellant, represented by competent counsel, was committed to county jail for 120 days, with 18 days of credit for actual time served as of October 1, 2013, and

---

[3]     Effective January 25, 2010, section 4019 was amended to allow prisoners to earn two days of conduct credit for every two days of actual local custody.  However, certain prisoners, including those required to register as sex offenders, were excluded from this amendment, and thus continued to earn conduct credit at the previous rate under which "a term of six days [was] deemed to have been served for every four days spent in actual custody."  (See former § 4019, subds. (f), (b)(2), (c)(2), as amended by Stats. 2009-2010, 3rd Ex. Sess., ch. 28, § 50; see also *People v. Brown* (2012) 54 Cal.4th 314, 318-319, fn. 5.)  Just months later, section 4019 was amended again, effective September 28, 2010, to return to the previous rule by which prisoners were awarded two days of conduct credit for every four days spent in presentence custody.  (S.B. No. 76 (2009–2010 Reg. Sess.); Stats. 2010, ch. 426, §§ 2, 5.)  Then, in 2011, the statute was amended yet again to provide that, effective June 30, 2011, "a term of four days will be deemed to have been served for every two days spent in actual custody."  (§ 4019, subd. (f), added by Stats. 2011, ch. 39, § 53.)  This time, the amendment did not exclude prisoners required to register as sex offenders.  However, the amendment was expressly made operative only as to "prisoners who are confined . . . for a crime committed on or after October 1, 2011." (§ 4019, subd. (h), added by Stats. 2011, ch. 39, § 53; see also *People v. Verba* (2012) 210 Cal.App.4th 991, 993 & fn. 2.)

3

the right to accrue conduct credit at the one-third credit rate. This sentence was lawfully imposed. (§§ 1016-1018, § 1192.5; § 2900.5; § 4019, subds. (a)(5),(f), (h), added by Stats. 2011, ch. 39, §§ 53, 73. See also footnote 3 of this opinion.)

As appellate counsel notes, when awarding appellant 13 days of credit for actual time served as of September 26, 2013 (§ 2900.5) and reserving the issue of credit for good time/work time (§ 4019), the trial court stated: "You'll serve at the half-time [credit] rate." However, upon conducting a further hearing, the trial court determined that, under the relevant statutory law, appellant was in fact only entitled to the one-third rate based on the previous version of section 4019, in effect when appellant committed the underlying offenses in 2004 and 2005 for which he was on parole. The trial court's decision and reasoning were correct. (§ 4019, subd. (h) ["The changes to this section enacted by the act that added this subdivision shall apply prospectively and shall apply to prisoners who are confined to a county jail, city jail, industrial farm, or road camp for a crime committed on or after October 1, 2011. Any days earned by a prisoner prior to October 1, 2011, shall be calculated at the rate required by the prior law" (fn. omitted)]. See also *People v. Brown, supra,* 54 Cal.4th at pp. 328-330 [prospective application of former § 4019 to deny a criminal defendant additional conduct credits for time spent in custody does not violate equal protection under the U.S. and California constitutions].)

Thus, having ensured appellant has received adequate and effective appellate review, we affirm the trial court's judgment. (*People v. Kelly, supra*, 40 Cal.4th at pp. 112-113.)

**DISPOSITION**

The judgment is affirmed.

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Siggins, J.